Filed 9/22/15  P. v. Villa CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E060885 |
| v. | (Super.Ct.No. RIF1101097) |
| FRANCISCO VILLA, JR.,, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Michele D. Levine, Judge.  Affirmed.

Pensanti & Associates, and Louisa B. Pensanti, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Melissa Mandel and Stephanie H. Chow, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Francisco Villa, Jr., appeals from a judgment of conviction of two acts of lewd and lascivious conduct upon a child under the age of 14 years, one forcible. (Pen. Code, § 288, subdivisions (a) and (b)(1).) The judgment was the result of a guilty plea.[1] Defendant was sentenced to an agreed term of six years in prison.

Defendant's contentions on this appeal revolve around a claim that he received constitutionally deficient legal assistance in the trial court. We affirm.

### STATEMENT OF THE CASE

The case was initiated by the filing of a petition in the juvenile court. The People then moved to have the minor (defendant) declared not a fit and proper subject for the juvenile court (Welf. & Inst. Code, § 707, subd. (c).) The motion alleged that defendant, born on June 23, 1990, was over 14 years of age (in fact, he was almost 21 years of age)[2] and was not amenable to juvenile rehabilitation.

The motion was apparently heard solely with reference to the probation officer's report.[3] This report reflected that the incidents took place about four years before they were reported in January 2011. The victim was a boy of seven who was being looked

---

[1] Defendant obtained a certificate of probable cause.

[2] The juvenile proceedings were held in 2011 and the eventual conviction rendered in March 2013. In December 2013 defendant filed a request for leave to file a late notice of appeal (*In re Benoit* (1973) 10 Cal.3d 72), which this court granted.

[3] The court had ordered a mental health evaluation (see Evid. Code, § 1017), but this was apparently not provided to the trial court.

after by defendant's grandmother. While the victim was playing videogames in defendant's bedroom, defendant grabbed him, pulled his pants down, and sat the victim on defendant's erect penis until defendant ejaculated. Defendant then told the victim " 'Don't tell or I will beat your ass.' " A second similar incident took place a few weeks later, when defendant took the victim into a van parked in front of the home.[4] Defendant admitted that these incidents had occurred.

The probation officer also addressed the specific factors of suitability or unsuitability set out in Welfare and Institutions Code section 707. With respect to "criminal sophistication," the probation officer recommended that the minor could be found to have exhibited such sophistication because he apparently believed that he would not be interrupted, had threatened the victim, and had taken advantage of the victim's presumed trust and youthful age. As for defendant's ability to be rehabilitated, the report noted that a commitment through defendant's 25th birthday would be possible, and expressed the view that he could be rehabilitated within that time frame.

With respect to defendant's previous delinquence, the report indicated that he should be found "unfit" because he was currently on summary probation for another sexual offense, unlawful intercourse with a minor. (This conviction evidently occurred in adult court.) (Pen. Code, § 261.5, subd. (c).) The report also noted that defendant was

---

[4] The victim's statements tended to indicate that defendant anally penetrated him as the victim reported that "[i]t hurt." Defendant told investigators that he was unsure whether his penis went beyond the victim's "cheeks."

not "unfit" under the criterion relating to previous attempts at rehabilitation because this was his first appearance in juvenile court.

Finally, the report reflected the opinion that defendant was unfit due to the gravity of the offense, noting his threat to the victim and the victim's later manifestations of psychological harm.

At the hearing, defendant's attorney challenged the element of "criminal sophistication" and also stressed the availability of over five years of confinement and rehabilitation. Counsel also argued, with respect to the gravity of the offense, that it was defendant's first offense and he was not unsalvageable.

The trial court eventually agreed with probation that defendant's conduct in assaulting a victim who "probably wouldn't tell anybody and that I can overpower and influence . . . ," and using threats to ensure silence showed some quantum of criminal sophistication. It found defendant *fit* for juvenile court under the criteria of previous delinquence and the result of previous rehabilitation attempts (because there had been none). However, it then found defendant unfit under the "gravity of the offense" criterion as well. As the trial court recognized, either of the two "unfit" findings mandated a transfer to adult court, and it made the appropriate orders.

As the matter proceeded in adult court, negotiations resulted in defendant's agreement to plead guilty to the charge under Penal Code section 288, subdivision (b), for the low term of three years in state prison.

4

Accordingly, a report was prepared as authorized by Penal Code section 288.1.[5] This recited defendant's essentially unremarkable (except for the current offenses) sexual development and history, which was otherwise exclusively heterosexual. It also described the conduct resulting in defendant's recent conviction as a typical teen romance broken up by the girl's mother when the latter realized that the couple were sexually active. Defendant also candidly described the incidents and expressed remorse and insight. The evaluator found him highly amenable to treatment, unlikely to repeat his actions and commented that the acts appeared to likely be the result of "curiosity and insecurity."[6]

At this point the trial court threw a spanner into the works. It raised concerns about defendant's age at the time of the offenses—a point never clearly established although defendant apparently had indicated that he thought he was 14 at the time. If he had not reached his 14th birthday, he was not subject to trial in adult court. (Welf. & Inst. Code, § 707, subd. (c).) Given this uncertainty, the trial court expressed doubts about its jurisdiction over defendant and ultimately rejected the plea. Its grounds for doing so were expressed as follows: "And the court has considered the 288 [*sic*] report,

---

[5] This statute prohibits the granting of probation in a case involving a sexual offense against a child under 14 unless the court obtains a report on the defendant's "mental condition."

[6] She also commented that sex offender registration under Penal Code section 290 would be a detriment both to defendant *and* society.

5

which is also a reason why the Court rejected the plea.  But the biggest concern is whether this Court is even the appropriate jurisdiction.  And we'll sort that matter out."

The matter eventually came on for trial over a year later, at which time defendant elected to plead guilty to both charges in return for a sentence of six years.[7]

This  meant, of course, that defendant wound up with twice the amount of time to be served compared to the original deal.  Hence, he challenges counsel's failure to prevent the trial court from withdrawing its agreement to the first plea bargain.  His arguments fail.

## DISCUSSION

Defendant begins by asserting that trial counsel was ineffective in failing "to object to the Juvenile Probation Officer's Report."  As the People point out, the trial court was *required* to obtain such a report prior to the fitness hearing.  (Welf. & Inst. Code, § 707, subd. (c).)  Defendant cites generally to cases establishing the standards for attorney performance and the remedy; with these of course we do not disagree.  (E.g., *Strickland v. Washington* (1984) 466 U.S. 668, 687-688; *In re Hardy* (2007) 41 Cal.4th 977, 1025.)  But defendant fails to demonstrate the applicability of these authorities in his favor by any specific claim.  The only actual argument we can find is that trial counsel should have objected to unspecified "hearsay" in the probation officer's report.  But hearsay statements from the victim and the victim's family members "shall" be included

---

[7] It should be noted that the matter was then before a different judge than the one who had rejected the earlier plea.  Defendant's second plea of guilty expressly acknowledged that the offenses were committed after his 14th birthday.

6

in the probation officer's report prepared for the fitness hearing. (Welf. & Inst. Code, § 707, subd. (e).) In the absence of anything more specific from defendant, we do not see the error.

Defendant then complains that his "defense attorney did not make a single objection to the psychological evidence; thus, his performance fell below an objective standard of reasonableness."[8] This is a classic non sequitur. An attorney is not obligated to make motions or objections which have no merit. (*People v. Thompson* (2010) 49 Cal.4th 79, 122.) Defendant does not spell out what objections should have been made or how any objections would have led to a more favorable result.

With respect to the fitness hearing, the trial court found defendant ineligible due to the gravity of the offense. The ultimate fitness finding is reviewed for abuse of discretion. (*People v. Superior Court (Jones)* (1998) 18 Cal.4th 667, 680 (*Jones*).) A minor in defendant's situation is presumed *unfit* unless he or she satisfies *all* of the requirements in Welfare and Institutions Code section 707, subdivision (c)(1)-(5). (*Jones,* at p. 683.) Defendant does not directly challenge the finding that the charged offenses were sufficiently "grave," and if he did we would find no abuse of discretion based on the age of the victim, the evidence of painful penetration, and the defendant's threat to harm the victim if the latter reported the abuse. Defendant points to nothing that counsel did or did not do which would have likely led the trial court to find that the

---

**8** It is not clear whether this refers to any relevant comments in the probation officer's report or the later Penal Code section 288.1 report.

7

offense was not sufficiently grave and thus fails to show the ineffective assistance of counsel.**9**

The next point is that defense counsel (at some or all points) breached his duty to investigate the matter. Without any showing as to what any such investigation would have shown in defendant's favor, this fails to establish the essential element of prejudice.

Defendant then moves on to the proceedings in adult court, focusing on the trial court's rejection of the three-year deal. In this respect he simply sets out the procedural course of the matter following its commencement in adult court without actually asserting what the errors were or what counsel should have done. However, by reading the opening brief as a whole, we believe defendant intends to suggest that certain findings in the report prepared under Penal Code section 288.1 were inaccurate. To some extent we agree, but not in any respect which assists defendant.**10**

---

**9** Because one element of unfitness is sufficient, we need not consider whether defendant's conduct reflected "criminal sophistication."

**10** We have earlier noted that the report is overall quite favorable to defendant, his prospects for rehabilitation, and the unlikelihood of future offenses. However, the report includes two "sexual offender attachments" which appear to be intended to set out the criteria in Penal Code section 1203.066 which establish absolute ineligibility for probation for some child sex offenders (subd. (a)) and also the criteria under which probation *may* be granted to other child sex offenders (subd. (d)). Statements included by defendant in his "Statement of the Case" attack, for example, the evaluator's finding that he occupied a position of special trust with respect to the victim. We agree that this is dubious.

In other instances noted by defendant, the evaluator's comments did not actually support the finding. For example, with respect to the disqualifying criterion of "force, violence, duress, menace," or threat, the evaluator simply noted that the victim was only seven years old. However, the evaluator noted that she reviewed the police and investigative reports, which included the victim's report that defendant threatened to

*[footnote continued on next page]*

We agree with the People that the record indicates that the trial court's *primary* reason for rejecting the three-year deal was its doubt as to defendant's age at the time the offenses were committed. Defendant presents nothing to show that this concern was not well-founded, given the lack of clarity in the record at that point concerning the dates of the offenses.[11] Furthermore, although defendant presumably believes, or wishes to argue, that the trial court rejected the plea in part because, *based on the report*, it felt that three years was inappropriate, the favorable nature of the report makes it *more likely* that it felt that three years was *too severe*. That is, defense counsel had no reason to challenge the report in general because it was favorable and, when the trial court rejected the three-year plea, arguably offered defendant the chance at a *better* deal.[12]

---

*[footnote continued from previous page]*
harm him if he disclosed the first instance of abuse. To support the finding of "substantial sexual conduct," the evaluator again merely noted the victim's age, but there clearly *was* ample evidence of "substantial sexual conduct" which subdivision (b) of section 1203.066 defines as *either* penetration, oral copulation, *or* masturbation of either the victim or the offender. There was evidence in the record available to the evaluator of actual penetration (the victim's statement that "[i]t hurt very much" and at the very least defendant's conduct in placing the minor's buttocks over his erect penis constituted a form of masturbation. (See *People v. Dunn* (2012) 205 Cal.App.4th 1086, 1098, fn. 8.) Thus, the evaluator's finding was fully supported.

[11] The offenses were *pleaded* as occurring after defendant's 14th birthday, but there was no actual *evidence* at that point in the proceedings.

[12] Although defendant would presumably have been found ineligible for probation if he had been convicted of the forcible charge (Pen. Code, § 288, subd. (b)), he could have received probation if the People agreed to accept a plea to the charge under subdivision (a). In either case the minimum term was three years under the provisions in effect at the time of the offenses.

Subdivision (a) of Penal Code section 1203.066 applies ineligibility as well to those convicted under subdivision (a) of section 288 if the offense includes either force or

*[footnote continued on next page]*

9

To summarize our conclusions with respect to these arguments as we understand them: Any errors in specific findings by the evaluator were harmless and no challenge by counsel would have affected the underlying critical findings of threats and substantial sexual conduct. Furthermore, as these findings were only relevant to a grant of probation and the agreed term was three years in state prison, there was obviously no prejudice.

Still further, at the time the trial court rejected the three-year plea, there was at least some measurable doubt as to whether defendant was properly before the adult court in the first place. When the plea was rejected, he therefore had the possibility of returning to juvenile court, or even negotiating a more favorable disposition in adult court. Of course neither of those things happened. (As noted above, a new judge took over the case following the rejection of the plea.) Instead, defendant found himself still in adult court and apparently facing a less generous prosecutor. But trial counsel could not have predicted or even expected the result which in fact occurred, and acted within professional norms by not attempting (in some unspecified way) to enforce the plea agreement over the court's disinclination.[13]

Finally, defendant simply asserts that "cumulative errors" so infected proceedings that it violated his right to due process. There were no errors and no violation.

---

*[footnote continued from previous page]*
threats, or substantial sexual conduct; but the ineligibility only applies if these elements are pleaded and proved. (Pen. Code, section 1203.066, subd. (c)(1).)

[13] Nothing in the record indicates what evidence might exist which would make it possible to "nail down" the date of the offenses, or which explains the prosecutor's insistence on a doubled term in the new plea agreement.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST

              J.

We concur:

RAMIREZ

       P. J.

MILLER

       J.

11